HEARD JULY TERM, 1877.

## The State, *ex rel.* Coleman, *vs.* Smith.

*Mandamus* does not lie to compel a County Treasurer to pay a check unless there are funds in the Treasury applicable to its payment.

The Act to provide for the payment of past due school claims, approved March 3d, 1874, was not repealed by the "Act to regulate the manner in which public funds shall be disbursed by public officers," approved March 17th, 1874.

This was a petition by Wade H. Coleman as relator to the Supreme Court against Jesse C. Smith, County Treasurer of Newberry County, for a writ of *mandamus*.

The case was heard upon a statement of facts agreed upon by counsel, which is as follows:

"The respondent has in his hands, as Treasurer for Newberry County, $2,179 collected as poll tax for the fiscal year 1874–75, and a surplus, after paying pensions of widows and orphans of persons killed for political opinions, of $497.79 of the tax collected for that fiscal year for the support of such widows and orphans.

"The respondent has also in his hands, as such Treasurer, $1,989 of the poll tax of 1875–76, subject to abatement of fifty-eight or sixty dollars for polls improperly taxed, and a sum of money not yet ascertained—the surplus of the tax levied for that fiscal year for the support of widows and orphans of persons killed for their political opinions.

"The relator demands payment of his claims, which are school claims for the months of January, February and March, in the year 1876, out of the above described funds collected for the fiscal year 1875–76.

"The respondent declines, upon demand made, to pay the said claims out of the said funds until ordered by the Court so to do, for fear of violating the provisions of the Act of the Assembly of 3d March, 1874."

*Baxter & Johnstone,* for relator.

*Suber & Caldwell,* contra.

August 29, 1877.  The opinion of the Court was delivered by

WILLARD, C. J.  The relator, to establish his right to a peremptory *mandamus* to compel the defendant, as County Treasurer, to pay the demands in suit, must show affirmatively that there are funds in the treasury applicable to such payment.  He has not done so, unless one of two propositions of law is established,—either, first, that the Act of March 3d, 1874, (15 Stat., 565,) is unconstitutional and void, or, second, that such Act was repealed by the Act entitled "An Act to regulate the manner in which public funds shall be disbursed by public officers," approved March 17th, 1874, (15 Stat., 692).  The first of these questions has just been decided adversely to the relator in the case of *The State* ex rel. *Dunton* vs. *Cobb.*  It only remains to consider the last named.  The Act provides that "it shall be unlawful for any public officer, State or County, to divert or appropriate the funds arising from any tax levied and collected for any one fiscal year to the payment of any indebtedness contracted or incurred for any previous fiscal year.' The whole scope and effect of this Act was to prevent any such appropriation by executive officers without direct authority of law. It cannot be assumed as a surrender by the Legislature of any right it might have to make any such appropriation, nor can it be re-

garded as a virtual repeal of a statute already passed making such an appropriation in the absence of everything tending to show an intent to give to the Act repealing effect. Reading the two Acts together, as we are bound to do, they are perfectly reconcilable. The Legislature asserts for itself a power which it denies to the executive authority. It was competent for the defendant to comply with the former Act without incurring the penalties of the latter.

The petition must be dismissed.

*McIver*, A. J., concurred.